IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| William Washington, #257151, | ) | C/A No.: 9:10-cv-3211-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Leroy Cartledge, Warden; | ) | |
| Dan Patterson; N. Barber, Chaplin; | ) | |
| and Bobby Hankerson, Chaplin, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on the plaintiff's objections to a United States

Magistrate Judge's Report and Recommendation.    The Magistrate Judge has

recommended that the defendant's motion for summary judgment be granted as to

Plaintiff's due process claims challenging whether he received twenty-four hours notice

of his disciplinary hearings.   The Magistrate Judge has further recommended that the

remainder of Plaintiff's disciplinary due process claims should be dismissed, without

prejudice, pursuant to *Heck v. Humphrey*, and that Plaintiff's conditions of confinement

claims should be dismissed, without prejudice, for failure to exhaust his administrative

remedies.   As previously mentioned, the plaintiff has filed objections to the Magistrate

Judge's recommendations.   Having reviewed the entire record, including Plaintiff's

objections, the court finds that the Magistrate Judge fairly and accurately summarized the

facts and applied the correct principles of law.   Accordingly, the court adopts the R&R

and fully incorporates it into this order.

I.      **Legal Standards**

   A.      **The Magistrate Judge's Report and Recommendation**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.   The Magistrate Judge only makes a recommendation to the court.  It has no presumptive weight, and the responsibility for making a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report.  28 U.S.C. § 636(b)(1).  From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part.  *Id.*

   B.      **Summary Judgment Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).  Summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law.  *McKinney v. Bd. of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992).  In deciding a motion for summary judgment, "the judge's

function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

As pointed out by the Magistrate Judge, a federal district court must liberally construe a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## II.    Analysis

### A.    Due Process Claims

The plaintiff brought this action to complain of alleged due process violations that arose out of four separate disciplinary hearings conducted at the McCormick Correctional Institution (MCCI). According to the plaintiff, he was denied due process in the following disciplinary hearings: on July 1, 2008 was denied his right to twenty-four hour notice and denied his right to confront and cross-examine witnesses (Grievance No. MCCI 0635-08)[1]; on December 17, 2008 was denied his right to confront and cross-examine his accuser (Grievance No. MCCI 1082-08); on August 27, 2009 was denied his right to confront and cross-examine a witness (Grievance No. MCCI 0691-09); on May 14, 2010 was denied his right to twenty-four hour notice (Grievance No. MCCI 0557-10).

---

[1] The Magistrate Judge noted that this is not the correct grievance number. The correct grievance number is actually Grievance No. 0638-08. In his objections, the plaintiff claims that "Grievance Number MCCI 0635-0 is duplicate to MCCI 0638-08."

Except for the alleged twenty-four hour notice violations with regards to the July 11, 2008 and the May 14, 2010 hearings, the Magistrate Judge suggested that the plaintiff's due process claims arising out of his disciplinary hearings are barred by *Heck v. Humphrey*. *See* 512 U.S. 477 (1994). According to the United States Supreme Court's decision in *Heck*, in order to recover damages for an allegedly unconstitutional conviction, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must ordinarily "prove that the conviction or sentence at issue has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. Because success on most of the plaintiff's due process claims would imply the invalidity of the disciplinary hearings, *Heck* bars this court's consideration of those claims. As such, the Magistrate Judge recommended that the defendants' motion for summary judgment be granted with respect to most of the due process claims. In his objections, the plaintiff states he "has presented sufficient evidence to create a genuine issue of fact showing that a constitutional violation has occurred." (ECF No. 29). However, the plaintiff has failed to show any reason why *Heck* does not bar this court's consideration of the majority of his due process claims. The plaintiff merely repeats factual issues that he has previously raised. As such, this court adopts the Magistrate Judge's recommendation that these claims be dismissed pursuant to *Heck*.

As to the remainder of the plaintiff's due process claims, the Magistrate Judge suggested that if the plaintiff was successful on his claims that he did not receive twenty-

four hours notice prior to the July 11, 2008 and the May 14, 2010 disciplinary hearings, the validity of the underlying convictions on the charges from those proceedings would not necessarily be called into question. Thus, *Heck* does not bar the court's consideration of these claims. However, when the Magistrate Judge considered those claims, he determined that the Plaintiff failed to present evidence sufficient to create a genuine issue of material fact as to whether a constitutional violation occurred. This court agrees with the Magistrate Judge's assessment. With respect to the July 11, 2008, the evidence shows that the plaintiff was given twenty-four hour notice of the hearing—although the hearing initially began before the twenty-four hour mark, the disciplinary hearing officer postponed the hearing until twenty-four hours passed after the initial notice was given. As to the May 14, 2010 hearing, the record shows that the hearing began 25 minutes before the expiration of the full twenty-four hours, but as pointed out by the Magistrate, the plaintiff has still presented no evidence whatsoever to show that his constitutional rights were violated as a result of this technical violation. A full twenty-four hour notice period is not mandated by the Constitution. Based on the foregoing, the Magistrate Judge concluded that Defendants' summary judgment motion should be granted with respect to all of the plaintiff's due process claims. This court agrees and adopts the Magistrate Judge's recommendation that the defendants' motion for summary judgment be granted with respect to the due process claims arising out of the July 28, 2009 and the May 14, 2010 disciplinary hearings.

5

## B.    Remaining Claims

The Magistrate Judge has further identified that the plaintiff complains that after being convicted on charges of exhibitionism and public masturbation in these hearings the plaintiff "was placed in a heightened security status and was required to wear a pink jumpsuit, was not allowed to attend regular communal services, that he was required to attend counseling classes, that he was improperly denied visits and cell phone usage, and was otherwise improperly maintained in segregation."  (ECF No. 26, p. 3).  In his objections, the plaintiff denies that he complained about all of conditions of confinement listed by the Magistrate Judge.  According to the plaintiff, he "only alleged that he was required to wear a pink jumpsuit as a result of the due process violation, and the plaintiff only alleged that he was segregated from attending regular communal service."  (ECF No. 29, p. 6).  The plaintiff also states that he complained about being pictured in a pink jumpsuit on the South Carolina Department of Corrections website.  The plaintiff denies that he made any allegations of being improperly maintained in segregation.  Because the plaintiff denies making allegations other than that he had to wear a pink jumpsuit and was pictured in it on the internet and that he was segregated from the regular communal service, this court will not address those additional allegations that the Magistrate Judge discussed.

With regards to the remaining complaints made by the plaintiff, the defendants argue and the Magistrate Judge agrees that the claims should be dismissed because the plaintiff has failed to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison

conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." To show that Plaintiff has failed to exhaust his administrative remedies, the defendants have submitted copies of the plaintiff's grievance file in addition to an affidavit from the warden of MCCI, Leroy Cartledge, attesting that Plaintiff failed to file grievances with respect to any of his conditions of confinement prior to filing this lawsuit. In his objections, the plaintiff offers that the "exhaustion requirement [was] fulfilled by informally [sic] written complaint because highest ranking prison official was fully aware of situation." (ECF No. 29, p. 7). Plaintiff cites *Wyatt v. Leonard*, 193 F.3d 876 (6th Cir. 1999), as support for his contention that he has fulfilled the exhaustion requirement although he has not followed the complaint process available at MCCI with respect to his claims. The facts of the *Wyatt* case are distinguishable from those of the instant case—the injury in Wyatt occurred to the prisoner plaintiff before the enactment of the statute requiring the exhaustion of administrative remedies for § 1983 claims, but time period for filing for administrative relief had run by the time the statute requiring exhaustion had been enacted. Based on the particular timing of the injury and the enactment of the statute, the Sixth Circuit found that the letters and informal complaints made by the prisoner in that case were sufficient to satisfy the exhaustion requirement. The timing peculiarity present in *Wyatt* is not present here. Furthermore, although the plaintiff states that he made an informal complaint and that the highest ranking prison official was aware of his situation, Cartledge's affidavit does not indicate that that was the case, nor has the plaintiff provided any evidence of this assertion. The

court cannot find that Plaintiff has substantially complied with the exhaustion requirement.

Because the plaintiff has failed to exhaust his administrative remedies, this court must adopt the Magistrate Judge's recommendation and dismiss these claims.

## III.    Conclusion

Based on the foregoing, this court hereby grants, with prejudice, Defendants' motion for summary judgment with respect to the plaintiff's due process claims challenging whether he received twenty-four hours notice of his disciplinary hearings. Additionally, the court hereby dismisses, without prejudice, the remainder of Plaintiff's claims.

IT IS SO ORDERED.

November 28, 2011                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge